| Case No. | **CV 21-3764-DMG (KKx)** | Date | June 17, 2021 |
|---|---|---|---|

| Title | *Franklin Y. Wright v. USAA Federal Savings Bank* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [8] AND PLAINTIFF'S MOTION TO REMAND [16]**

On April 1, 2021, *pro se* Plaintiff Franklin Wright filed his Complaint in the Ventura County Superior Court, alleging the following claims against Defendant USAA Federal Savings Bank ("USAA") arising out of a modified auto loan agreement: (1) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* [Doc. # 1-1.] On May 4, 2021, USAA removed the action to this Court, asserting the Court's federal question jurisdiction under 28 U.S.C. section 1331 over the federal claims and supplemental jurisdiction under 28 U.S.C. section 1367(a) over the state law claims. *See* Not. of Removal at ¶¶ 6-7 [Doc. # 1].

On May 11, 2021, USAA filed a motion to dismiss ("MTD") Wright's second cause of action for breach of the implied covenant of good faith and fair dealing and his third cause of action for violations of the FCRA, FDCPA, and RFDCPA. [Doc. # 8.] In response, Wright filed a notice of non-opposition to the MTD on June 7, 2021. [Doc. # 14.] In light of Wright's non-opposition, the Court **GRANTS** the MTD and **DISMISSES** Wright's second and third causes of action.

That leaves only his causes of action for breach of contract and for punitive damages. In his notice of non-opposition, Wright requests that the Court decline to exercise supplemental jurisdiction over his state law causes of action. He notes that his Complaint pleads statutory damages of $2,000, unspecified damages for emotional distress, attorneys' fees if he seeks an attorney, and $10 in punitive damages, as well as declaratory and injunctive relief. *See* Compl. at ¶¶ 53-64. The caption of the case also notes that the demand "does not exceed $10,000." *Id.* at 1. Thus, even if USAA did invoke diversity jurisdiction as a ground for removal—which it did not—it has not met its burden to establish the requisite amount-in-controversy under 28 U.S.C. section 1332(a). The Court thus lacks original jurisdiction over the remaining claims.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-3764-DMG (KKx) | Date | June 17, 2021 |
|---|---|---|---|
| Title | *Franklin Y. Wright v. USAA Federal Savings Bank* | Page | 2 of 2 |

The Court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). It exercises that discretion here and **REMANDS** the case to the Ventura County Superior Court. Wright's motion to remand filed on June 7, 2021 [Doc # 16], is **DENIED as moot**.

**IT IS SO ORDERED**.